JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
FRANK POLICELLI, ESQ.
10 STUEBEN STREET
UTICA, NY 13501, Phone: (315) 793-0020

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1 U.S. Government Plaintiff

❏ 3 Federal Question *(U.S. Government Not a Party)*

❏ 2 U.S. Government Defendant

❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding

❏ 2 Removed from State Court

❏ 3 Remanded from Appellate Court

❏ 4 Reinstated or Reopened

❏ 5 Transferred from Another District *(specify)*

❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   x Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT                  APPLYING IFP              JUDGE              MAG. JUDGE

# CERTIFICATE OF ARBITRATION/ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

        monetary damages sought are in excess of $150,000, exclusive of interest and costs,

        the complaint seeks injunctive relief,

        the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)     Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?          Yes          No

2.)     If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?         Yes       No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?      Yes       No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:_____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____Yes_____No_____
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

        Yes             No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

        Yes   (If yes, please explain        No

I certify the accuracy of all information provided above.

**Signature**: _____

RELATED CASE STATEMENT

This Case is a sub-case of EDNY CASE No. 20-cv-06131, adding Defendant parties.  The purpose of dividing EDNY CASE No. 20-cv-06131 into sub-cases is to be able to add parties into the Case Management/Electronic Case Files (CM/ECF) system.

This action against the Employer-Defendants named in EDNY CASE No. 20-cv-06131, involves liability of the employer for unlawful employment practices of discrimination based on Plaintiffs' ability to meet their burden of production and persuasion proving that Plaintiffs demonstrated that there was a less discriminatory alternative method of employment practice ("Alternative Employment Practice"). Plaintiffs make the demonstration as an Alternative Employment Practice, described in subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The defendant respondent has refused to adopt such Alternative Employment Practice without valid justification, violating 42 U.S.C. § 2000e-2 of the Civil Rights Act of 1964 as amended in 1991. In addition, this action is for breach of contract brought by the Percy Class as third-party beneficiaries for violating conditions of contracts, including but not limited to Executive Order 11246 ("EO 11246").

This action is grounded by the Memorandum/Order ("Memorandum/Order") of Judge Lasker issued by the United States District Court for the Southern District of New York Case of Percy v Brennan Case 73-cv-04279, reported at 384 F Supp 800 of November 8, 1974 and set forth in the Docket in EDNY 20-cv-06131 at Docket #22, Attachment 2  and entered by Order thereon on February 24, 1975 in Case 73-cv-04279, ("Order") and closed on May 4, 1977, the Case 73-cv-04279 settled by agreement to accept Defendant New York State's offer of Executive Order 45 (9 NYCRR 3.45) (EO 45").

The Second Circuit Court of Appeals in Appeal 17-2273 established that Percy v. Brennan Case 73-cv-04279 in the United States District Court for the Southern District of New York, is final. Here, Case 73-cv-04279 is now relied on for certifying the Percy Class, thereby determining the issue of standing and enforceability of EO 11426 and regulations and laws in relation thereto in favor of the Percy Class against the Defendants by collateral estoppel.

Subsequent to Judge Brodie's dismissal of EDNY action 1:15-cv-03942, a proceeding was brought to continue Percy v. Brennan Case 73-cv-04279. District Court Judge McMahon ruled that Case 73-cv-04279 was no longer a case and controversy having been closed, and she instructed "If the plaintiffs or any party wishes to file a new case, go right ahead." docket #15 of 73-cv-04279. The Second Circuit Court of Appeals in Appeal 17-2273 affirmed that Percy v. Brennan Case 73-cv-04279, is final, EDNY 20-cv-06131, Docket #22, Attachment 5.

Now, this present Action is based on the record in US SDNY Case 73-cv-04279, the case file archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National archives in New York City, returned upon the request on behalf of Albert Percy,  to and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals.This action seeks to enforce the United States District Court for the Southern District of New York Order in the Case of Percy v Brennan Case 73-cv-04279 (the "Percy Action" or "Case 73-cv-04279" or "Percy  v. Brennan") reported at 384 F Supp 800 [S.D.N.Y. 1974], the Memorandum/ Order, entered by Judge Lasker on November 8, 1974 in favor of Percy Class, brought on behalf of disadvantaged persons seeking affirmative action in apprenticeship and employment in the New York.

The Memorandum/Order of Judge Lasker in the Percy Action, Percy v. Brennan, 384 F. Supp. 800, (S.D.N.Y. 1974), page 811 in 17-2273, Docket #99, Appendix 1, Volume 3, page 660, granted Plaintiffs motion to be maintained as a class and found standing to seek relief for the enforcement of EO 11246, as a class of persons that EO 11246 was designed to protect from injuries resulting from racial discrimination within the protections of the Fifth and Fourteenth Amendments to the Constitution, 42 USC 1981, and has met the requirements of subdivisions 2 and 3 of FRCP 23.

Standing was found by the Lasker Court in its Memorandum/Order stating the Percy Class has alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions" citing Baker v Carr (369 US 186, 204, 82 S Ct 691, 703, 7 L Ed 2d 663 [1962]); (see Flast v Cohen, 392 US 83, 101, 88 S Ct 1942, 20 L Ed 2d 947 [1968])". In Percy v. Brennan, black and Spanish-surnamed workers were alleged to "have been and continue to be denied employment in the New York construction industry, demonstrating the Percy Class continues to have a personal stake", 384 F Supp 800, page 808 [S.D.N.Y. 1974], 17-2273.

The Class defined and certified by Judge Lasker in Case 73-cv-04279 was "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions that are members of the Defendant Building and Construction Trades Council of Greater New York" with Plaintiff Albert Percy designated as the Class Representative (384 F Supp 800, at page 811 and also at 17-2273, Docket #99, Appendix 1, Volume 3, Page 660). The Order certifying the Class in Case 73-cv-04279 is at 17-2273 Docket 97, Appendix 1, Volume 3 of 3, page 640, and the final disposition of Case 73-cv-04279 is at Docket 97, Appendix 1, Volume 3 of 3, page 740, respectively.

Nevertheless, the class needed to be identified with specificity. To address this, to identify members of the Class, census records and other data mining methods were used to identify households of Percy Class members. Class counsel sent tens of thousands of letters by first-class mail, had hundreds of telephone calls, sent thousands of emails to specifically identify members of the Percy Class. providing potential members of the Percy Class with a Notice of Enforcement of Settlement for the relief provided in Case 73-cv 04279. At the same time, Percy has demonstrated its alternative employment practice to thousands of employers also within the greater New York City business community urging the adoption of the Percy Program in order to enable members of the Percy Class to compete for jobs and careers based on skills, not by skin color or ethnicity.

Respectfully submitted,

James M. Kernan, Esq.
Kernan Professional Group, LLP
26 Broadway, 19th Floor
New York, N.Y. 10004
Phone: 212-986-3196
Fax: 212-656-1213
Email: jkernan@kernanllp.com